```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

MICHELLE DEJESUS,                   :

                Plaintiff,          :   13 Civ. 7913 (AJN)(HBP)

    -against-                       :   REPORT AND
                                        RECOMMENDATION
COMMISSIONER OF SOCIAL SECURITY,    :

                Defendant.          :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE ALISON J. NATHAN, United States District Judge,

I. Introduction

By notice of motion dated May 7, 2014 (Docket Item 13), defendant moves to dismiss or, in the alternative, for summary judgment dismissing, plaintiff's complaint on the ground that it is untimely. For the reasons set forth below, I respectfully recommend that defendant's motion for summary judgment be granted and that the complaint be dismissed as untimely.

II. Facts

Plaintiff commenced this action seeking judicial review of a final decision of the Commissioner of Social Security (the

"Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"); the action is brought pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (the "Act").

Plaintiff submitted her applications for DIB and SSI on October 26, 2010 (Exhibit 1 to the Declaration of Patrick J. Herbst, dated Nov. 22, 2013 (Docket Item 15) ("Herbst Decl.") at 8[1]).  Both claims were initially denied on February 17, 2011 (Herbst Decl. Ex. 1 at 8).  Plaintiff subsequently requested a hearing, and an Administrative Law Judge ("ALJ") conducted a hearing on November 22, 2011 (Herbst Decl. Ex. 1 at 8).  Although plaintiff had counsel, plaintiff elected to proceed pro se at the hearing and stated that her attorneys "didn't do anything" for her (Herbst Decl. Ex. 1 at8).  The ALJ concluded that plaintiff suffered from coronary artery disease, diabetes mellitus, asthma and high blood pressure and that these conditions constituted "severe impairments" (Herbst Decl. Ex. 1 at 10).  Nevertheless, he concluded that plaintiff had the residual functional capacity to perform sedentary work provided she avoided concentrated exposure to respiratory irritants and that she was also

---

[1] Because the exhibits attached to the Herbst Declaration are inconsistently paginated, my citations to page numbers refer to the page numbers assigned by the Court's ECF system that appear on the upper right corner of each page.

capable of performing her past work as a receptionist (Herbst Decl. Ex. 1 at 11, 13). The ALJ's decision was mailed to plaintiff on February 2, 2012 (Herbst Decl. ¶ 3(a)).

Plaintiff timely requested review of the ALJ's decision, and on August 20, 2013, the Appeals Council advised plaintiff that it had denied her request for review (Herbst Decl. ¶ 3(a) & Ex. 2 thereto). The Appeals Council's notice advised plaintiff that she had the right to seek judicial review of the adverse decision by filing a complaint in federal court. The notice went on to state:

> **Time to File a Civil Action**
>
> - You have 60 days to file a civil action (ask for court review).
>
> - The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> - If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(Herbst Decl. Ex. 2 at 18). The 65th day after August 20, 2013 was October 24, 2013.

Plaintiff submitted her complaint to the Court's Pro Se Office on November 6, 2013 (Docket Item 2). There is no evidence

3

in the record that plaintiff ever sought an extension of time to file her action from the Appeals Council (see Herbst Decl. ¶ 3(b)).

On April 8, 2014, I set a briefing schedule, directing defendant to make its dispositive motion by May 7, 2014 and directing plaintiff to respond and or cross-move no later than June 6, 2014 (Docket Item 12). Although defendant timely filed the present motion, there was no response of any kind from plaintiff. Accordingly, on October 14, 2014, I issued an Order mea sponte giving plaintiff until November 7, 2014 to submit any opposition she might have (Docket Item 17).[2] My staff mailed a

---

[2]My October 7 Order provided:

> By notice of motion dated May 7, 2014 (Docket Item 13), the Commissioner of Social Security has submitted a motion to dismiss. A briefing schedule endorsed on April 8, 2014 (Docket Item 12) required plaintiff to file any opposition to the Commissioner's motion by June 6, 2014. To date, plaintiff has not served or filed any opposition to the motion, nor has she requested an extension of time within which to serve opposition papers.
>
> Although I shall consider the merits of the Commissioner's motion and shall not grant the motion on default, plaintiff's failure to submit any opposition to the motion . . . makes it substantially more likely that the motion will be granted. Thus, plaintiff's failure to oppose the motion increases the likelihood that her complaint will be dismissed, and that the Social Security Administration's decision denying her benefits will be affirmed.
>
> (continued...)

copy of this Order to plaintiff; it has not been returned as undeliverable.  Plaintiff has not submitted any opposition to the Commissioner's motion nor has she contacted my chambers in any way.  The closest plaintiff has come to explaining her failure to file her complaint in a timely manner is the brief statement in her complaint that she did not receive the Appeals Council's decision until October 30, 2013 "due to state freeze" (Docket Item 2 at 2).

III. <u>Analysis</u>

>Section 205(g) of the Act provides, in pertinent part:
>
>Any individual, after any final decision of the Commis-
>sioner of Social Security . . . may obtain a review of
>such decision by a civil action commenced within sixty
>days after the mailing to him of notice of such deci-
>sion or within such further time as the Commissioner of
>Social Security may allow. . . .

42 U.S.C. § 405(g).  The Commissioner's regulations provide an identical time limit for seeking judicial review:

>Time for instituting civil action.  Any civil action
>described in paragraph (a) of this section must be
>instituted within 60 days after the Appeals Council's

---

[2](...continued)
    Accordingly, if plaintiff wishes to submit any
    opposition to the Commissioner's pending motion, she is
    directed to submit such papers no later than November
    14, 2014.  In the absence of a request for an extension
    of time, I shall consider the motion fully submitted as
    of that date and ready for decision

5

>    notice of denial of request for review of the adminis-
>    trative law judge's decision or notice of the decision
>    by the Appeals Council is received by the individual,
>    institution, or agency, except that this time may be
>    extended by the Appeals Council upon a showing of good
>    cause.  For purposes of this section, the date of
>    receipt of notice of denial of request for review of
>    the presiding officer's decision or notice of the
>    decision by the Appeals Council shall be presumed to be
>    5 days after the date of such notice, unless there is a
>    reasonable showing to the contrary.

20 C.F.R. § 422.210(c).  The procedure set forth in Section 205 is the exclusive vehicle for seeking review of an adverse decision by the Commissioner of Social Security.  42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); Wong v. Bowen, 854 F.2d 630, 631 (2d Cir. 1988) (per curiam).

Plaintiff's complaint here is clearly untimely, and dismissal is warranted unless some exception to the general rule is applicable.  See Liranzo v. Comm'r of Soc. Sec., 411 F. App'x 390, 391-92 (2d Cir. 2011) (summary order) (affirming dismissal of action brought under Section 205 of the Act as untimely); Louis v. Comm'r of Soc. Sec., 349 F. App'x 576, 578 (2d Cir. 2009) (summary order) (same); Velez v. Apfel, 229 F.3d 1136 (Table), 2000 WL 1506193 at *1-*2 (Text) (2d Cir. 2000) (summary order) (same); Blaize v. Comm'r of Soc. Sec., 166 F.3d 1199

(Table), 1998 WL 777050 at *1 (Text) (2d Cir. 1998) (summary order) (same).

If plaintiff were able to rebut the presumption that she received notice of the Appeals Council's decision within five days of its mailing, her action might be timely. However, the presumption is not rebutted by a conclusory statement of non-receipt.

> "[A] plaintiff must do more than merely assert that [s]he did not receive the notice within five days"; rather, [s]he must make a reasonable showing by "present[ing] some affirmative evidence indicating that the actual receipt occurred more than five days after issuance." Liranzo v. Astrue, 07 CV 5074, 2010 WL 626791, at *2 (E.D.N.Y. Feb. 3, 2010) (quoting Guinyard v. Apfel, 99 CV 4242, 2000 WL 297165, at *4 (S.D.N.Y. Mar. 22, 2000)[), aff'd, 411 F. App'x 390, 391-92 (2d Cir. 2011)]; see also Velez v. Apfel, 229 F.3d 1136 (2d Cir. 2000) (presumption not rebutted where plaintiff made no "reasonable showing to the contrary" beyond her conclusory allegation that she never received the notice).

Kesoglides v. Comm'r of Soc. Sec., 13-CV-4724 (PKC), 2015 WL 1439862 at *3 (E.D.N.Y. Mar. 27, 2015). Plaintiff offers no details in support of her contention that she did not receive notice of the Appeals Council's decision until approximately 70 days after it was mailed except her cryptic reference to a "state freeze." If plaintiff is attempting to refer to the partial shutdown of the federal government that occurred in October 2013, her contention is unpersuasive. The partial shutdown did not

commence until October 1, 2013 -- 42 days after the mailing of the Appeals Council's decision.  Until October 1, the government operated normally.  Second, I take judicial notice of the fact that even after the partial shutdown went into effect, the United States Postal Service was unaffected and continued to operate normally (Brad Plumer, "Absolutely Everything You Need to Know About How the Government Shutdown Will Work," <u>Wonkblog</u>, <u>The Washington Post</u> (Sept. 30, 2013), http://www.washingtonpost.com/blogs/wonkblog/wp/2013/09/30/absolutely-everything-you-need-to-know-about-how-the-government-shutdown-will-work/).  Thus, the timing and scope of the partial government shutdown would not have delayed the delivery of the Appeals Council's notice.

I have also considered whether an equitable toll might enable plaintiff to avoid dismissal.  A physical or mental illness may give rise to an equitable toll.  <u>Canales v. Sullivan</u>, 936 F.2d 755, 758-59 (2d Cir. 1991); SSR 91-5p, 56 FR 29971-01, 1991 WL 295453 (July 1, 1991).  Plaintiff, however, again fails to offer any facts that might give rise to an equitable toll.

> To toll the statute of limitations based on mental impairment, a petitioner must make more than a "conclusory and vague claim," that includes "a particularized description of how [her] condition adversely affected [her] capacity to function generally or in relationship to the pursuit of [her] rights[.]" <u>Boos</u>, 201 F.3d at 185; see <u>Twumwaa</u>, 2014 WL 1928381, at *4 (claims that plaintiff was "stressed" and "in pain" were insufficient to invoke tolling); <u>Courtney v. Colvin</u>, 13 CV

8

>       02884, 2014 WL 129051, at *2 (S.D.N.Y. Jan. 14, 2014)
>       (alleged illness did not justify equitable tolling
>       without a connection to plaintiff's ability to meet
>       deadline); Goff v. Apfel, 99 CV 8062, 2004 WL 1243148,
>       at *3-5 (E.D.N.Y. Mar. 30, 2004) (tolling not warranted
>       where plaintiff did not show a "causal connection
>       between any mental impairment and the lateness of
>       [plaintiff's] complaint").

Kesoglides v. Comm'r of Soc. Sec., supra, 2015 WL 1439862 at *4.

      Plaintiff alleges in her complaint that she suffers from an abscess in her brain and depression.  Plaintiff has attached a number of medical records to her complaint, and although one of the records mentions anxiety, none refer to a brain abscess or depression.  These vague references in the complaint are simply insufficient to establish that plaintiff suffered from any condition that was so disabling that it could form the basis for an equitable toll.

      There can be no question that DIB and SSI benefits are very important sources of income to many members of our society, and, that dismissal of claim seeking these benefits on the ground that it is time-barred may appear to involve an element of inclemency.  However, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."  Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980); accord McNeil v. United States, 508 U.S. 106, 113 (1993); Baldwin

9

County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (per curiam) ("Procedural requirements . . . are not to be disregarded by courts out of a vague sympathy for particular litigants.").

IV.  Conclusion

Accordingly, for all the foregoing reasons, I respectfully recommend that summary judgment be granted dismissing plaintiff's complaint on the ground that it is time-barred.

V.  Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Alison J. Nathan, United States District Judge, 40 Centre Street, Room 2102, New York, New York 10007, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Nathan.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140, 155

(1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983) (per curiam).

Dated: New York, New York
       May 15, 2015

Respectfully submitted,

_/s/ Henry Pitman_
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Ms. Michelle DeJesus
# 4-E
215 E. 102nd Street
New York, New York  10029

Susan C. Branagan, Esq.
Assistant United States Attorney
Southern District of New York
86 Chambers Street
New York, New York  10007